Good morning, Your Honors. David Holland on behalf of Bibiano-Favela. Good morning. Morning, Your Honors. Manny Maganzi, Assistant State's Attorney on behalf of the people. Thank you. May it please the Court. Mr. Favela raised several issues regarding the fairness of his trial. I intend to focus my comments on the deficiencies in the jury instructions as argued in Issue 3 of the briefing. However, if there are questions on the other issues, I'd be happy to take those as well. There is no dispute here that Mr. Favela's jury was improperly instructed when they were never told, either orally or in writing, that if any one of the elements of the offense is not proven beyond a reasonable doubt, they must acquit Mr. Favela. The question is, what is the magnitude of this error? We submit that this rises to the level of plain error, because a properly instructed jury is integral to a fair trial, and the evidence here was closely balanced. I think our Supreme Court's decision in People v. Green... Why do you say the evidence was closely balanced? I know you have to say that, but that's not what the state says. Tell me why you think it was closely balanced. This evidence was closely balanced because it came down to a credibility determination over the mens rea of intent in that first element of these three elements in aggravated battery. I think our Illinois Supreme Court's decision in People v. Naylor is illustrative of this point. Naylor is a frequently cited case for the plain error doctrine that came out in 2008. In that case, the defendant was convicted of selling heroin to an undercover police officer. Two police officers testified that this defendant was the one who sold the heroin. The heroin was introduced at trial, and after the Supreme Court found a trial error that implicated the credibility of the witnesses, they found that case to be closely balanced. And I think this case is analogous here, because the error in this case is that those concluding paragraphs instructed the jury as to how they would go about acquitting Mr. Fevella. Weren't they told that stuff in, what is it, IPI, I don't know, 2.03 or one of those first instructions? They were told that, weren't they? They were given IPI... State's burden, blah, blah, blah. That's correct. Huh? Go ahead, I'm sorry. Illinois Pattern Instruction 2.03 was given here, but I think the crucial difference between these concluding paragraphs and IPI 2.03, or the instructions as they were given in this case, is those final instructions guide the deliberative framework as to how to acquit Mr. Fevella. One second, counsel. The judge usually reads the jury instructions, then she gives a written copy to the jury as they go into the jury room. In this case, they were neither read nor given in writing, is that correct? That's correct. And I think the crucial distinction there is that although IPI 2.03 sets forth the burden that the state is going to have to meet to bring back a guilty verdict, that converse principle is equally important to Mr. Fevella or any criminal defendant. Those concluding paragraphs set forth what do I need to do if I have doubt on one of these elements. And I think as attorneys, that might be an instinctual proposition for us. But I think the Illinois Pattern Instruction Committee realized that it may not be instinctual for a lay jury member that if the burden of proof is beyond a reasonable doubt, that means that if any one of these elements is not proven, they have to acquit Mr. Fevella. And that's a crucial distinction between IPI 2.03 and the instructions that were given to Mr. Fevella's jury. The Supreme Court's recent decision, People v. Thompson, is going to play to this case. What are your comments on that? What effect does that case have on this case? In terms of Issue 1 regarding the errors in the 431B admonishments, I acknowledge that Thompson is essentially going to rule out the integrity prong of the plain error analysis. So I guess in that sense, I would ask this court to review the 431B issue, at least under the closely balanced prong. Why was this closely balanced? As I understand it, he testified and then his sister testified. And she was pretty well impeached, wasn't she? There was certainly confusion over which officers were in play here, which officers were in the apartment. But I think the crucial credibility contest was over the mens rea of intent of knowingly causing these injuries. And I think the defense theory of the case, which in essence I'm adopting here for the closely balanced prong, is that this was an act of police brutality. These injuries were sustained over the police's over-aggressiveness. In essence, the defense theory of the case was to concede that both sides sustained injuries here. And that's in essence that the credibility between Mr. Favela and Mr. Favela's sister and the testifying officer, Officer Keedy, it really came down to were those injuries intentionally caused by Mr. Favela? And on that point, even Officer Keedy's testimony, at one point he says, I injured my elbow and my knee when I was kicked by Mr. Favela. Or, and then he backtracks and says, I couldn't tell you for sure whether it was the kick or the fall, but it was one of the two, and then Missoula fell on top of me. And based on that testimony, defense counsel actually moved for a directed finding in terms of the injuries to Officer Keedy. So I think this case is closely balanced, much like the Naylor case, where this error, in fact, is square with the evidence in that this error was critical because the jury could have confusion over one of these three elements. The defense case, in essence, conceded two of these three elements, that this was a police officer, he was in his... Let me ask you a basic question. As to that issue, what's the standard of review? The third issue that you highlighted is your most important issue that you're arguing. What's the standard of review that you want us to look at? The standard of review is de novo. This court doesn't have to give any deference to the fact that the jury instructions were incomplete here. And in terms of my discussion of the evidence, I'm certainly not challenging the state's sufficiency in terms of sustaining a guilty verdict. I'm simply arguing that here where we had testimony from Mr. Fevella that he didn't cause these injuries, his sister testified similarly, the evidence is undisputed that Mr. Fevella was punched in the face by Officer Mazzulla. In that sense, this was a closely balanced case. The fact that the jury opted to believe the testimony of the police officers doesn't have any bearing on the plain error doctrine. Of course, every criminal appellant defendant, in essence, lost that credibility determination or the fact finder believed the state's evidence. But of course, that doesn't have any bearing on whether the evidence was closely balanced in the first case. Then you admit there was a bit of a forfeiture here. Yes. The trial court never had the opportunity to correct any of these errors that you're alleging. That's correct. I would have a caveat that in terms of the jury instruction, there is also an onus on the trial court to ensure that those concluding paragraphs are given. And I think our Illinois Supreme Court's decision in green speaks to that. When it said that now that those Illinois pattern instructions do have those concluding paragraphs, that decision should not be construed as any sort of license to dispense with those two reasonable doubt paragraphs found at the end of IPI 11.16. You also talked about ineffective assistance of counsel on the grounds that the defense lawyer didn't bring it to the trial court's attention. Can you talk a little bit about that? I would maintain that defense counsel was deficient in ensuring that those concluding paragraphs were given. And in this case, there could be no trial strategy here to not ensure that the jury understood that if there's doubt on any one of these elements, they need to acquit Mr. Fevella. There's no trial strategy in not ensuring that those paragraphs are given. So I would maintain that counsel was deficient in the representation of Mr. Fevella  And what's your best case for encouraging us to rule the way you want? I would ask that this court follow the green decision in terms of the perspective lesson to be taken from green, that these paragraphs cannot be discarded. In terms of the plain error doctrine, it was integral to a fair trial that Mr. Fevella receive these jury instructions. For that, I would refer this court to Peeble v. Ogunzola, which was discussed in both the appellant and state briefs. And in terms of this case being closely balanced, I would ask this court to look to Peeble v. Naylor, which is 229 Ill Second 584. Counsel, what factors in this case? Tell me the facts that makes it reasonably probable that but for these errors, your man would have been acquitted. Tell me the facts. What facts? The facts in this case come down to the mens rea of intent. And there's absolutely competing testimony on whether Fevella caused these injuries, because the defense theory of the case here was that this was a melee. There was a pileup with these officers. The testimony is undisputed that Mazzuola punched Fevella in the face. The testimony is disputed as to how those injuries occurred. And I think here, it's not an unreasonable inference that if these jury members went back to deliberate, and they thought, I don't have any doubt that these were police officers, and I don't have any doubt that these officers were performing their official functions, but maybe I have doubt as to whether Fevella intentionally caused these injuries. At that moment, it was critical that the jury be instructed that simply because two of three of these elements, that's not beyond a reasonable doubt. It's not 67% of these elements are met. Therefore, I'm going to find Mr. Fevella guilty. It's at that moment that the jury needs to be instructed that if any one of these elements is not proven beyond a reasonable doubt, they need to bring back an acquittal. The totality of circumstances, factual circumstances in this case, though, I think were beyond dispute, that Mr. Fevella just did not cooperate, tried to resist, struggled with the police officers. I mean, it was very clear that he was not cooperating. He put one hand behind his back and refused to put the other one and struggled with the police officers. So, I mean, how would the jury parse that to figure out, you know, one element is missing or maybe he didn't really intend to injure the police officer when he, you know, resisted and started flailing about? How would you parse that? You know, we have to write something when you want us to go your way. How would you? That's why I asked you, number one, what's your best case for asking us to rule the way you want? How would you draft that? I would draft it in the sense that the jury could believe that there was a fight here, that Officer Mezula punched Fevella in the face, that these officers ended up on top of Fevella, that limbs were flailing, that there was no requisite mens rea of intent or knowing, knowingly causing these injuries. And in that sense, I think we're solely dependent on Officer Keedy's testimony here. And again, I have the burden of persuasion under the plain error doctrine, but I'm certainly not contesting that there's sufficient evidence to sustain a guilty verdict. And here, my burden is to show that this evidence was at least closely balanced. And I think Officer Keedy's testimony, when at one point he says, I couldn't even tell you for sure whether it was the kick or the fall when he fell to the ground. I think right there, that's closely balanced. In essence, the defense's theory of the case is that both of these parties sustained injuries. Does it really make a difference whether it was the kick or the fall? Does it make a difference? I do think that goes towards the concept that these injuries weren't intentionally caused, intentionally or knowingly caused by Mr. Fevella. So yes, I think defense counsel, when he moved for a directed finding on that testimony, I think that was a reasonable motion to make at that point. If there are no further questions, I'd reserve for rebuttal. Thank you. Once again, good morning, Your Honors. May it please the Court. Manny McGinsey on behalf of the people of the State of Illinois. With respect to the question that you raised, Justice Cunningham, and you as well, Justice Harris, as to the closeness of the evidence, the people maintain that the evidence wasn't close. Defendant's sister acknowledged that she called the police because of a problem at the house. She also acknowledged that when Officer Mazzullo arrived, he was uninjured, that he was injured when he left, visibly injured when he left, that she saw no injury on her brother, and the only evidence the defendant offered at trial of an injury to the defendant was a photograph that was dated nine months after the occurrence. So the people maintain that the evidence was not at all closely balanced, that the evidence overwhelmingly proved the guilt of the defendant. And clearly, even if Ms. Favella, I assume it was Ms. Favella, his sister's testimony was that she had decided by the time the police got there it was a mistake, the defendant didn't have a right to resist the police. And his knowing act of resistance, that establishes his mens rea. Clearly he was involved in a melee with police officers who were uninjured when they arrived and were injured when they left. And the jury instructions taken as a whole, it apprised him of, apprised the jurors, of the people's burden of proof, of the elements that they had to prove. Let me ask you this, Counsel. How did you pronounce your last name? McGinsey. Mr. McGinsey. So are the final paragraphs of a jury instruction just dispensable? The judge can read them off whenever he or she feels like it? No. No, I don't say that at all. As a practitioner who's tried hundreds of some odd juries himself, I've never tried a case where I didn't have the last two paragraphs in the issues instruction. At least you knew them. Huh? You were right. But what I'm saying is the inadvertent omission of those paragraphs. Well, does it matter whether it's inadvertent or it's intentional if they were omitted? I think my question goes to a different issue. Are those paragraphs important or not? Are they a part of the totality of the jury instruction? Are they important? Yes. Are they part of the totality of the jury instruction? Yes. Obviously they are because I.B.I. includes them. But if you leave off a part of the jury instruction, is that important? It might be. On the other hand, given the case law in Illinois, where the jury is fairly and fully apprised of the issues in the law, minimal mistakes under Supreme Court rule and under Supreme Court case law. Why do you think this is a minimal mistake? He says that it's really crucial because it omitted, it deprived the jury of knowing that the state had to prove each and every element. And I think the words he used, it wasn't 60% or 70%, but each and every element beyond a reasonable doubt. Well, as I said, I.B.I. 203 advised the jury of the burden of proof and the issues instructions advised the jury of the issues that the people had to prove. The people in their closing argument acknowledged their responsibility for proving those three elements of the offense of aggravated battery and argued that they. Is that jury instruction, what the people say, what they say or don't say in their closing argument, is that an instruction to the jury? No. What I'm saying is had the people's argument been somewhat a critical as their burden of proof, then maybe the absent paragraphs would have been more critical. But because given the evidence and the arguments of counsel and the fact that the instructions as a whole apprise the jury of all of the elements of proof as well as the state's burden, I think that this is really a de minimis oversight and it is not what the Supreme Court was talking about in green about just summarily dismissing or excusing the use of these paragraphs. Assuming, arguendo, that we don't find it a de minimis error or exclusion or failure on the part of the trial court and or the attorney for the defendant, where do you stand then? Do you follow what I'm saying? I understand what you're saying.  I'm not so much positive of the standard of review of de novo, but clearly acknowledge that the issue was not preserved, therefore the standard of review is plain error. As I've shown, it was not, the evidence was not closely balanced, and so the second plain error exception is does this error rise to one that is so fundamental that it impugns the integrity of the defendant's trial? And I say given the fact that the jury was instructed, vergeared, instructed on and told the people's burden of proof and that the people acknowledged what their burden of proof was, I say that the exclusion of these two paragraphs through inadvertence or oversight or whatever it might have been, I don't think anybody is asserting, even the defendant's not asserting this was a deliberate effort to subvert the jury instruction. Yeah, you could take the position that it's going to give them another chance. Could be. In that case, since the defendant acquiesced in the instructions, it would be unfair to allow. I was being facetious. I understand. But assuming that that would be the case that somebody would look at it in that light, then it would be unfair to allow him to benefit. He didn't raise an objection, a simple objection during jury instruction conference when it said, hey, let's get out an IPI and take a look and see what it says. And that would resolve. Sir, isn't that the trial judge's responsibility? I know that the custom and practice is that the lawyers proffer their jury instruction, and the judge says yes or no, but isn't that the trial judge's responsibility to make sure that the instructions are not only appropriate but complete? The trial judge's obligation – I'm sorry, I have to find the exact – I set out in my brief is that the trial judge's obligation is to ensure that the jury is instructed as to the burden of proof, the elements of the offense. And the parties bear the responsibility of submitting the jury instructions, which, though given as court's instructions, aren't – My question is much more narrow than that. I'm really looking for a yes or no. I'm sorry. And is it the trial judge's instruction to ensure that the jury instructions are not only appropriate but complete, yes or no? I would say it probably is, yeah. I'll accept that. That which was not given, those two concluding paragraphs, did that in any way affect whether or not the court had properly instructed the jury as to the elements of the offense? No, the elements were – Were they properly instructed? Yes. Defense doesn't raise a challenge to the propriety of the instruction as to the elements of the offense. It merely says the omission of the final two paragraphs somehow could have led the jury to believe that they could convict if they found only two of the three – I believe his figure was 67 percent, which would be two of the three propositions proven. Okay. Likewise, not stating those two concluding paragraphs, did that in any way disparage the court's instruction to the jury on burden of proof or this presumption of innocence? I think not. The jury, I think, would read, as they're instructed to do, read the instructions in context of each other as a whole and would not say, well, this instruction doesn't say anything about the burden of proof, so that instruction the judge gave us earlier about the burden of proof just doesn't matter. It wouldn't say to a reasonable jury, well, these two paragraphs, first of all, how would the jury, unless they're lawyers or judges on the jury, how would they know that the two paragraphs are missing? But assuming somebody said, well, wait a minute, maybe something's missing from these issues instructions, how would that say to a jury, well, then the judge's instruction about the burden of proof and the presumption of innocence somehow is undermined. It says to me that the burden of proof, presumption of innocence, the fact that the defendant doesn't have to prove anything, although the defendant offered evidence in this case, those instructions still stand. I think that your opponent's point was a little bit more narrow than that. He was speaking about the necessity for finding beyond a reasonable doubt as to each and every element of each of the charges that were, each of the crimes charged against this defendant. So it was not a global beyond a reasonable doubt. It was more each and every element. That's what I understood him to be arguing. And I don't think you can dispute that that part of the instruction is left off. Oh, no, I agree. I put it in a footnote. I put the two missing paragraphs in a footnote in my brief. I agree. Those two paragraphs clearly weren't given. And harking back again to my own experience, if I had been the trial attorney on either side in this case, I can assure you, I would have looked at that and said to the judge, well, judge, there are a couple of missing paragraphs here. And we wouldn't be talking about this. But I wasn't the trial attorney. It apparently got by the trial attorneys. It got by the judge. But in answer to your question and in answer to the defendant, does the absence of these two paragraphs so impugn the integrity of defendant's trial that he should get a new trial based on their absence? I say no because the instructions read in context of each other clearly apprise the jury of the burden of proof. It doesn't say the burden of proof globally. It says in this case the state has the burden of proving each element of the offense beyond a reasonable doubt. Then the issue set out each element of the offense. Therefore, the jury, although imperfectly apprised of it, was apprised of the burden of the people to prove each element of the offense of aggravated battery as to each of the two police officer victims beyond a reasonable doubt. The evidence was not closely balanced. The mistake did not undermine the propriety of the proceedings. And the people maintained the defendant's conviction was proper and must be affirmed while acknowledging that the instructions were less than perfect. Thank you. Thank you very much, Mr. McKenzie. Brief rebuttal, counsel. Counsel, what's your name again? David Holland. Two brief points. First, regarding the closely balanced prong, Mr. Provello wasn't charged with resisting arrest. So I maintain that the closely balanced part is over the mens rea in the aggravated battery. And I'd also, I take exception to the state's position that the trial. What you're saying, is that in response to your opponent's statement that the act of resistance establishes the mens rea? That's what it says. That's correct, Justice Cunningham. And I also take exception with the state's position that the trial as a whole was fair or that these jury instructions fully apprised the jury. Because there's also no dispute here that ten of these twelve jury members were never asked whether they understood and accepted that Mr. Provello didn't have to put on evidence. There's no guarantee that they accepted that when they heard Mr. Provello's evidence they had to view it in the light that he had no obligation to present it. And I also raised an issue regarding the pluralization of the word conviction in IPI 3.13. And I'm certainly not asserting that that's the trial error of the century. But it's also an uncontroversial proposition that the risk of prejudice to a criminal defendant in a criminal trial when we're dealing with prior convictions is extremely high. We're talking about rebuttal now. You didn't talk about that at the beginning. So I don't want you to talk about that now. I certainly just make the point as the trial as a whole being skewed against Mr. Provello. Accordingly, I would ask that this court reverse and remand for a trial before it properly instructed jury. Thank you very much. Thank you, Mr. Howell. Thank you, counsel. Thank you for your presentation. This case will be taken under advisement. The court stands adjourned.